REALTY ADVERTISING & SUPPLY CO. v. LYNN.

(Supreme Court, Appellate Term.   May 27, 1912.)

CONTRACTS (§ 16*)—ACCEPTANCE OF OFFER—NECESSITY.

Plaintiff cannot recover as on contract to furnish defendant electric sign service where defendant's offer to receive the service is not shown to have been accepted by plaintiff.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 71-93; Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Realty Advertising & Supply Company against Mary J. Lynn, doing business as the McDowell Dressmaking & Millinery School.   Judgment for plaintiff, and defendant appeals.   Reversed, and complaint dismissed.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

William C. Daly, of New York City, for appellant.
Bond & Babson, of New York City, for respondent.

SEABURY, J.   This action was brought to recover $90 alleged to be due under a written instrument denominated a lease made by the plaintiff as landlord and the defendant as tenant.   The evidence disclosed that an agent of the plaintiff induced the defendant to sign an instrument, the terms of which recited that the landlord hired to the tenant a—

"signboard on building northwest corner 42nd street and 6th avenue, 42nd street side, 20 feet long by 10 feet high, illuminated from dusk to midnight, for the term of six months from December 29th to June 20th, 1911, in consideration of the rent and at the rate of one hundred and eighty dollars for six (6) months to be paid in equal monthly payments in advance; as part consideration for the signing of this lease the said landlord agrees to paint. on the space hereby demised an advertisement. * * *"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes.

This instrument was signed by the defendant on October 12, 1910. The agent who procured the defendant's signature was without authority to sign the lease, and he submitted the instrument to his principal for the signature of its president, if the plaintiff elected to accept the defendant as a tenant. On October 13th or 14th the defendant, in writing, notified the plaintiff that she revoked her offer to lease. On October 17th the plaintiff replied, stating that it would "accept no cancellation of the contract." The evidence fails to establish that the plaintiff ever executed the instrument, or that it ever accepted the offer of the defendant.

There was therefore no contract between the parties, and the judgment rendered in favor of the plaintiff should be reversed, and the complaint dismissed, with costs. All concur.